Pearson, J.
 

 A
 
 mandamus
 
 is a high prerogative writ, and is only granted where one has a
 
 special
 
 legal right which cannot be recovered by an ordinary action. The petitioner-must show himself entitled to some
 
 specific
 
 right;
 
 Tucker
 
 v.
 
 Justices of
 
 Iredell, 1 Jones’ Rep. 451.
 

 The Court is of opinion that the proceedings in this case are defective. The petition does not make the allegations which are necessary to show with certainty what the Court is asked to command the defendants to do, and the writ does not set out the thing which the defendants are commanded to do, with such certainty as to enable them to do it. It alleges “ that in pursuance of the contract the petitioner commenced collecting materials and has prosecuted the work, and when
 
 cm installment for the first month
 
 was due, he called upon the defendant's, for payment, which was refused.” (This was in September 1855.) It further alleges, that in September, 1857, the petitioner applied to the defendants, in open court, for payment “ of what is due him for the work already done, the materials furnished, &c.,” which was refused.
 

 It is stipulated in the contract, that the commissioners are to appoint a superintendent, who is to make monthly estimates of the work done, and the materials furnished by the petitioner; which estimates, certified by the superintendent, are to be paid, deducting 10 per cent. The petition is defec-
 
 *269
 
 five in this ; it does not aver the amount that was due, and which is claimed as an installment for the first month. It does not allege that the superintendent made an estimate at the end of the first month and gave a certificate thereof, or account in any way for the omission of this allegation. So that both in respect to the amount claimed, and the mode by which it has been, or ought to have been, ascertained, there is less certainty than is required in a common count in assump-sit for work and labor done.
 

 ' These objections apply with greater force to that part of the petition, which has reference to what is supposed to be due for work and materials up to September, 1857. It is not alleged that estimates have been made, nor is there any allegation of the grounds on which the superintendent failed to make them, if such be the fact. Nor, in short, is there any allegation from which even a conjecture can bo founded as to the progress of the work in 1857.
 

 The writ
 
 is also defective. This follows, as á matter of course, for it must pursue the petition, and can have no greater certainty. Accordingly, it commands the defendants “ to pay to Paschal McOoy
 
 whatever mm is now clue Mm
 
 on account of furnishing materials and doing work upon the courthouse and jail,” &c. What sum are they commanded to pay ? Is it left to them to fix the amount ? If not, how is it to be fixed ? A sovreign never issues a command, unless the thing to be done is certain ; so that a failure to do it, will justly incur the consequences of a wilful disobedience. Suppose, in our case, the defendants make return that they have not paid the petitioner, because they have not been able to agree upon “ the sum that is now due him,” would this be a sufficient return ? If so, what traverse could be taken by the petitioner? It is manifest that the mode of proceeding, under the writ of mandamus, is wholly inapplicable to such a state of things ;
 
 Tucker
 
 v.
 
 Justices of
 
 Iredell,
 
 supra.
 

 The other branch of tire petition and writ, by which the defendants are commanded to. put themselves in a state of readiness to pay the amount that may
 
 thereafter
 
 become
 
 *270
 
 due for such work and materials as may afterwards be done, or furnished, presents an interesting question. The work may never be done, or the materials furnished. In the case of individuals, where one agrees to pay for work after it is completed, the other party acts upon the ordinary presumption, that he will provide the means of doing so, and trusts to him in this respect, relying on a remedy in the event of a failure; but there is no proceeding that can be instituted upon the presumption, or in anticipation, of such failure.
 

 It is not necessary to pursue the consideration of this subject, as the case is disposed of on the ground stated above. Nor is it necessaary to consider the various other suggestions that were made in support of the motion to quash.
 

 The order of the Superior Court, overruling the motion to quash, is reversed. Let the proceedings be quashed, and judgment be entered against the petitioner for costs.
 

 Per Curiam, Judgment reversed.